By the Court.
 

 On April 1, 1924, The Ohio Bell Telephone Company filed a new schedule for the Cleveland,1 Ohio, area, increasing certain of its rates effective 30 days thereafter. On April 29, 1924, a complaint was filed against the proposed schedule by the city of Cleveland through its Director of Law. Thereupon the commission ordered that it enter upon a hearing concerning the propriety of the increased rates, that the operation and use of the rates in such schedule be suspended for 120 days from April 1,1924, and that the assignment of the hearing on such schedule be deferred for a further order thereafter to be entered by the commission.
 

 Before any hearing date was assigned or any hearing actually begun by the commission, the telephone company filed an application with the commission for determination of the amount of bond to be furnished under Section 614-20, General Code (110 Ohio Laws,
 
 *209
 
 366), to permit the telephone company to pnt into effect, at the end of the period of suspension, the increased rate schedule and collect such rates until such time as the commission finally determined, after hearing, the lawfulness and reasonableness of such rates.
 

 On May 15, 1924, the commission fixed the bond, which was furnished by the telephone company and approved by the commission. Thereafter, upon the expiration of the suspension period, the telephone company began collecting such increased rates under bond and has continued to collect such increased rates up to the present time.
 

 On October 14, 1924, and before any hearing had been held on this proposed increased rate schedule, this rate proceeding was consolidated by the commission with pending telephone rate proceedings and thereafter continued in the consolidated state-wide rate case.
 

 Hearings were had in the state-wide case, the commission' in 1934 ordered a refund, error proceedings were prosecuted to this court, which affirmed the order of the commission (131 Ohio St., 539, 3 N. E. [2d], 475), the Supreme Court of the United States on April 26, 1937, reversed the affirmance of this court (301 U. S., 292, 81 L. Ed., 1093) and a mandate was issued to the Public Utilities Commission for further proceedings in accordance with that opinion.
 

 On June 11,1937, appellant, on behalf of himself and all other subscribers to telephone service in Cleveland, filed with the Public Utilities Commission a petition for leave to intervene, claiming that right by virtue of Section 614-21, G-eneral Code, which permits a complaint in writing to be made to the commission against any public utility by any person that any rate is in violation of law, and by virtue of Rule 2 of the Public Utilities Commission, which provides: “Any person * * * may petition in a proceeding for leave to inter
 
 *210
 
 vene and be heard therein. * * * Leave granted on such application shall entitle intervener to appear as a party to the proceedings, * * * and be heard in person or by counsel.”
 

 In the petition for leave to intervene the appellant claims that because the commission did not enter upon a hearing during the period of suspension and during such period make a finding that the hearing could not be concluded within 120 days, the commission had no power to make an order fixing the bond for collection of increased rates and therefore any rate collected by the telephone company under such bond is unlawful.
 

 To this petition the company filed an answer and the matter was submitted to the commission on briefs and oral argument. The commission entered orders denying the petition for leave to intervene and an application for rehearing.
 

 Appeal was prosecuted to this court, the assignment of error presenting- two questions:
 

 1. Has a utility ratepayer, affected by an increase in rates, the right to intervene and be heard in a pend1 ing proceedings before the commission?
 

 2. Has a utility ratepayer, affected by an increase in rates, the right to question before the commission the lawfulness of such increased rates?
 

 Section 614-21, G-eneral Code, permitting a complaint to be filed, provides that “The commission shall, if it appear that there are reasonable grounds for the complaint, at such time -find place proceed to consider such complaint,” etc. We are of opinion that, assuming a complaint may be made through a petition to intervene, the commission is empowered to determine whether reasonable grounds appear.
 

 Appellant relies also upon Rule 2 of the Public Utilities Commission, heretofore set forth. It will be observed that the express language of that rule is permissive in providing that any person “may” peti
 
 *211
 
 tion for leave to intervene and be heard. Likewise, by unmistakable language, leave granted is prerequisite to appearance as a party and being heard in person or by counsel.
 

 Finding that the action of the commission in this proceeding is neither unlawful nor unreasonable, the order is affirmed. ,
 

 Order affirmed.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.