The Conneaut Telephone Co., Appellant, *v.* Public Utilities Commission of Ohio, Appellee.

[Cite as Conneaut Telephone Co. v. Pub. Util. Comm., 10 Ohio St. 2d 269.]

(No. 40467—Decided June 14, 1967.)

*Messrs. Power, Griffith, Jones & Bell* and *Mr. Sidney D. Griffith,* for appellant.

*Mr. William B. Saxbe,* attorney general, *Mr. J. Philip Redick* and *Mr. Langdon D. Bell,* for appellee.

*Per Curiam* Section 4903.10, Revised Code, relating to ap-

plication for rehearing before the commission, provides in part: "Such application shall be in writing and shall set forth specifically the ground or grounds on which the applicant considers said order to be unreasonable or unlawful. No party shall in any court urge or rely on any ground for reversal, vacation, or modification not so set forth in said application."

In the first three grounds set forth in its application for rehearing, the appellant has not complied with the above-quoted statutory provision. This court cannot consider any matter which was not specifically set forth in an application to the commission for a rehearing as a ground on which the appellant considered the order of the commission to be unreasonable or unlawful. *Cincinnati* v. *Public Utilities Commission*, 151 Ohio St. 353.

As to the fourth ground, relative to airline measurement, appellant refers to no evidence to support it.

The order of the Public Utilities Commission is affirmed.

*Order affirmed.*

TAFT, C. J., STRAUB, MATTHIAS and O'NEILL, JJ., concur.

HERBERT, SCHNEIDER and BROWN, JJ., dissent.

STRAUB, J., of the Sixth Appellate District, sitting for ZIMMERMAN, J.

BROWN, J., dissenting. In its application for rehearing before the commission, appellant stated that "the commission erred in failing to properly determine and find a fair annual rate of return."

Although this allegation of error is broadly stated, it necessarily includes the elements used by the commission in determining a fair rate of return. Questions relating to those elements thus can be raised under this allegation, and the grounds relied upon for rehearing have been set forth sufficiently to comply with Section 4903.10, Revised Code.

The commission allowed 6.375 per cent for the cost of equity capital. An examination of the record reveals that no evidence was submitted which would support such figure. It is apparent, therefore, that the commission's order is unreasonable and unlawful and in my opinion it should be reversed.

HERBERT and SCHNEIDER, JJ., concur in the foregoing dissenting opinion.