OFFICE OF CONSUMERS' COUNSEL, APPELLANT, *v.* PUBLIC
UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

(No. 78-90—Decided December 6, 1978.)

222

*Mr. William A. Spratley, Mr. Lewis I. Winarsky* and *Mr. Stephen P. Allison,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Marvin I. Resnik* and *Mr. Thomas L. Mumaw,* for appellee.

*Messrs. Steer, Strauss, White & Tobias, Mr. Theodore K. High* and *Mr. Stephen E. Williams,* for intervening appellee.

STEPHENSON, J. The pivotal issue this appeal presents is the extent of the authority of the Public Utilities Commission to limit new issues sought to be developed in an R. C. 4909.19 rate determination hearing by a party, including Consumers' Counsel,[1] intervening solely by entry of appearance at the commencement of the hearing and without having previously raised such issues by pre-filed objections to the application or the staff report, by a petition seeking leave to intervene as a party, or by pre-filing the written testimony of the party's expert witnesses.[2]

Appellant, Consumers' Counsel, in his proposition of law, urges this court to, in effect, allow *any* party, or number of parties, intervening solely by entry of appearance in a rate determination hearing being conducted pursuant to R. C. 4909.19 and subject only to limitations of relevancy and materiality, to both cross-examine the witnesses of other parties and produce evidence (1) upon *any* matter appearing in the rate application filed pursuant to R. C. 4909.18 or in the staff report and (2) as to any matter raised during the hearing, upon which the commission may reasonably rely in its determination of rates.[3] Because

---

[1] The Office of Consumers' Counsel is a state office created in 1976 by the General Assembly in Am. Sub. S. B. No. 94 (R. C. 4911.01 *et seq.*) for the purpose, *inter alia*, of representing residential consumers in proceedings before the Public Utilities Commission when an application is filed by a public utility for a change of rates.

[2] The right of "same day" intervention by a proper party is not an issue in this appeal. Section 4901-1-04, Ohio Adm. Code, allows intervention by any such party by entry of appearance at the hearing. R. C. 4911.02(B)(2)(a) expressly provides that the Consumers' Counsel "[s]hall have all the rights and powers of any party in interest appearing before the public utilities commission regarding examination and cross-examination of witnesses, presentation of evidence, and other matters * * *." R. C. 4911.15 provides further that "[t]he consumers' counsel, at the request of one or more residential consumers residing in, or municipal corporations located in, an area served by a public utility or whenever in his opinion the public interest is served, may represent those consumers or corporations whenever an application is made to the public utilities commission by any public utility desiring to * * * increase * * * any rate * * *."

[3] Although appellant's proposition of law is structured as applicable to *all* parties, appellant, in his reply brief, additionally argues that,

such proposition is unsupported by the statutory scheme adopted by the General Assembly for utility rate adjudication in Ohio and because it would also negate the inherent and statutory authority of the commission to regulate its proceedings, the proposition of law is rejected.

Appellant's principal argument is that R. C. 4909.19 statutorily delineates the issues at a rate determination hearing, wherein it provides:

"If objections are filed with the commission within thirty days after the filing of such report, the application shall be promptly set down for hearing of testimony before the commission or be forthwith referred to an attorney examiner designated by the commission *to take all the testimony with respect to the application and objections* which may *be offered by any interested party*." (Emphasis added.)

Thus, it is argued that, contrary to the interpretation adopted by the commission that the objections formulate the hearing issues, the General Assembly has mandated the commission *must hear all testimony* offered at the hearing by a party upon any issue the party desires to raise respecting the application or staff report. While, admittedly, the statute is not definitive as to those issues to which evidence is properly confined in a rate determination hearing, proper interpretation of such statute, in light of the realities of rate adjudication, compels a conclusion contrary to that reached by the appellant.

Utility rate determination by the commission is a necessarily complex proceeding by reason of the statutory and judicial mandates as to the scope of the matters that

---

irrespective of commission authority to regulate intervention by *other* parties, the General Assembly, in R. C. Chapter 4911, conferred upon appellant an unlimited right of intervention beyond the procedural control of the commission. Such argument is without merit. Nowhere in such chapter is such unlimited authority granted expressly or, in our view, by implication. Rather, R. C. 4911.02(B)(2)(a), set out in fn. 2, *supra*, is persuasive that appellant's intervention rights were intended to be equal to, but no greater than, other parties in interest.

must be considered[4] and the sources of the information available to the commission from which it must make its rate determination. Thus, R. C. 4909.18 provides form and content requirements of the application for a rate modification, including exhibits,[5] which are necessarily voluminous. Likewise, the commission staff report of investigation "of the facts set forth in said application and the exhibits attached thereto, and of the matters connected therewith," required by R. C. 4909.19, results in a voluminous document. It is readily apparent that numerous areas of potential disagreement by a given party may exist as to the myriad matters in the application, the staff report, or both.

It is reasonable to assume that the General Assembly intended the mandated hearing to be meaningful and of assistance to the commission in the discharge of its duties,

[4]See R. C. 4909.15.

[5]R. C. 4909.18 requires the following exhibits:

"(A) A report of its property used and useful in rendering the service referred to in such application, as provided in section 4909.05 of the Revised Code;

"(B) A complete operating statement of its last fiscal year, showing in detail all its receipts, revenues, and incomes from all sources, all of its operating costs and other expenditures, and any analysis such public utility deems applicable to the matter referred to in said application;

"(C) A statement of the income and expense anticipated under the application filed;

"(D) A statement of financial condition summarizing assets, liabilities, and net worth;

"(E) A proposed notice for newspaper publication fully disclosing the substance of the application. The notice shall prominently state that any person, firm, corporation, or association may file, pursuant to section 4909.19 of the Revised Code, an objection to such increase which may allege that such application contains proposals that are unjust and discriminatory or unreasonable. The notice shall further include the average percentage increase in rate that a representative industrial, commercial, and residential customer will bear should the increase be granted in full;

"(F) Such other information as the commission may require in its discretion."

including entry of findings of fact that are required by R. C. 4903.09. The parties herein, including appellant, agree that the commission need not require evidence on every conceivable issue relevant to the application. What this court must determine then is the proper function of the statutory objections to the staff report.[6] We deem it significant that the General Assembly provided in R. C. 4909.19 that, when no objections are filed to the staff report, a hearing for taking of testimony is not required before the commission may enter an order with respect to the application. It logically follows, and this court so holds, that, when such objections are filed as statutorily require a hearing for taking of testimony, it was intended by the General Assembly that only matters placed in dispute by the objections were to be the issues upon which the parties are entitled to present evidence. The commission is thus provided with an evidentiary basis to resolve such disputed matters, which when resolved, together with the undisputed matters in the application and staff report, enables the commission to "make such order respecting the prayer of such application as seems just and reasonable to it." R. C. 4909.19.

Supportive of this conclusion is the recognition that the evidence in a rate determination hearing is, for the most part, technical and requires the utilization of witnesses with special expertise in such areas as economics, engin-

---

[6] The right of a party to also file objections to the application pursuant to R. C. 4909.19 was granted in 1976 in Am. Sub. S. B. No. 94 by enactment of R. C. 4909.18(E). The existing portion of R. C. 4909.19, requiring the setting of a hearing to take testimony when objections to the staff report are filed, was not, however, amended. The question as to whether it was intended that objections to the application also require the setting of a hearing to take testimony or whether, at least where the objections place in dispute specific matters in the application, such objections formulate additional hearing issues is not, under the facts of this appeal, before us. We note, without deciding, that the commission brief herein suggests generally that objections to the application, as well as objections to the staff report, require a hearing for presentation of testimony.

eering, statistics and accounting. The General Assembly recognized this fact by the addition of such experts to appellant's staff. R. C. 4911.12 and 4911.13. When issues are thus formulated by the objections prior to hearing, the parties are able to adequately prepare, both by knowledgeable cross-examination of such expert witnesses and by production of sufficient evidence, to fully meet and develop such issues and produce a record adequate for commission resolution thereof.

For this court to hold otherwise and conclude that a party, or any number of parties, intervening solely by appearance, has an absolute right to broaden the hearing issues, either at commencement of the hearing or on an ad hoc basis as the hearing progresses, would of necessity be disruptive to the hearing process. Aside from the basic unfairness and potential prejudice to other parties, the result would be in many, if not most, cases a record for commission consideration in which such new issues are inadequately developed by witnesses and counsel and require resolution upon incomplete evidence or the taking of additional testimony.

In holding that pre-filed objections by a party are intended to present the issues to which evidence should be directed, and a party intervening solely by appearance may not, as a matter of right, broaden such issues, it does not follow that the commission must woodenly confine the hearing to such issues regardless of circumstances, and that the commission is without discretionary authority to allow development of additional issues it considers important. The scope of the commission inquiry properly extends to any matter put in issue by the application and related to the rate changes under consideration. Cleveland Elec. Illuminating Co. v. Pub. Util. Comm. (1975), 42 Ohio St. 2d 403. The wide discretion of the commission over its order of business has been long recognized by this court. State, ex rel. Columbus Gas & Fuel Co., v. Pub. Util. Comm. (1930), 122 Ohio St. 473, 475. Additionally, R. C. 4901.13 empowers the commission to adopt and publish rules governing its

proceedings and to regulate, *inter alia,* the mode and manner of its hearings relating to parties before it.

Pursuant to the inherent and statutory authority which may be exercised over its hearing procedures, the commission has adopted a rule of long standing relating to "parties," Rule 4901-1-04, Ohio Adm. Code, which, if complied with by appellant, would have entitled appellant, as a matter of right, to cross-examine and produce evidence.' As pertinent here, the rule allows intervention (1) by a party upon leave granted by the commission upon a petition showing the party's "interests" and (2) intervention of a party by appearance alone. Intervention under the former assures, by express provision in this rule, the right of such party to cross-examine and present evidence. Intervention, as here, by appearance alone, does not. See *Dworken* v. *Pub. Util. Comm.* (1938), 133 Ohio St. 208. Such rule is consistent with our conclusion as to the function of statutory objections, since, if the petition setting forth the intervening party's "interest" is granted, the other parties are on notice as to those additional issues, if any, which the commission will allow to be develoded at the hearing.

Appellant is not aided in this appeal by the rule adopted by the commission respecting pre-filed testimony of expert witnesses. Rule 4901-1-30 Ohio Adm. Code, as perti-

---

'Rule 4901-1-04, Ohio Adm. Code, provides, in part, the following:

"(A) Any person, firm, company, corporation or association, mercantile, agricultural or manufactuing society, body politic or municipal corporation, railroad or public utility, may become a party:

"(1) By filing an application, petition, or complaint.

"* * *

"(3) By entering an appearance, following leave granted to intervene, as hereinafter set forth in this rule.

"(4) By entering an appearance at the hearing.

"* * *

"(E) A petition in a proceeding for leave to intervene shall set forth the petitioner's interest in the proceeding. Leave granted on such application shall entitle intervenor to appear as a party to the proceeding, file an answer or other pleading, have notice of hearing, produce and cross examine witnesses, and be heard in person or by counsel."

nent here, requires the testimony of such witnesses be reduced to writing and a copy submitted to opposing counsel and the commission at least ten days before the witness is to testify. While there is nothing in the rule manifesting an intention by the commission that such pre-filing, in itself, formulates hearing issues, such filing does give notice as to any additional issues and would be a factor upon which to request the commission to exercise its discretion in allowing such issue at hearing. Appellant herein did not timely comply with the rule, and the commission upheld striking of portions of the testimony of appellant's expert witness for noncompliance with this rule.

Although appellant has presented this appeal in the posture of a claim of error as a matter of law by the commission with respect to appellant's right of participation in the hearing, which claim we here reject, we nevertheless have examined the record in light of the discretionary authority of the commission to control its proceedings with respect to appellant's participation and find no abuse of discretion. Further, with respect to the striking of the part of the direct testimony of appellant's expert witness as to tax normalization, and given the concession in appellant's brief that he was not taking a position through this appeal "with respect to the merits of the Commission's treatment of Federal Income Tax Normalization," this court concludes appellant suffered no prejudice under such ruling. *Electrical Protection Assn.* v. *Pub. Util. Comm.* (1977), 50 Ohio St. 2d 169; *Cincinnati* v. *Pub. Util. Comm.* (1949), 151 Ohio St. 353.

The commission has urged a summary disposition of this appeal for failure of appellant to sufficiently comply with the rehearing specificity requirements in R. C. 4903.10. While we have chosen, under the facts herein, to resolve that issue in favor of appellant, this court continues to adhere to its decisions requiring strict compliance with such specificity requirement. *Conneaut Telephone Co.* v. *Pub. Util. Comm.* (1967), 10 Ohio St. 2d 269; *Cincinnati* v. *Pub. Util. Comm., supra.*

230

Accordingly, the order of the commission, being neither unreasonable nor unlawful, is hereby affirmed.

*Order affirmed.*

LEACH, C. J., HERBERT, W. BROWN, HOLMES and SWEENEY, JJ., concur.

CELEBREZZE, J., concurs in the judgment.

HOLMES, J., of the Tenth Appellate District, sitting for P. BROWN, J.

STEPHENSON, J., of the Fourth Appellate District, sitting for LOCHER, J.