TOLEDO COALITION FOR SAFE ENERGY, APPELLANT, *v.*
PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as Toledo Coalition for Safe Energy v. Pub. Util. Comm.
(1982), 69 Ohio St. 2d 559.]

(No. 81-161—Decided March 3, 1982.)

560

*Mr. Terry J. Lodge,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Marvin I. Resnik* and *Mr. David M. Neubauer,* for appellee.

*Mr. Paul M. Smart* and *Mr. Fred J. Lange, Jr.,* for intervening appellee.

*Per Curiam.* It is well-settled that pursuant to R. C. 4901.13,[3] the commission has the discretion to decide how, in light of its internal organization and docket considerations, it may best proceed to manage and expedite the orderly flow of its business, avoid undue delay and eliminate unnecessary duplication of effort. *Sanders Transfer, Inc.,* v. *Pub. Util. Comm.* (1979), 58 Ohio St. 2d 21; *Consumers' Counsel* v. *Pub. Util. Comm.* (1978), 56 Ohio St. 2d 220.

A necessary concomitant of the commission's authority to regulate the manner and mode of its hearings is its discretionary power to permit or deny intervention in its proceedings. *Consumers' Counsel* v. *Pub. Util. Comm., supra; Dworken* v. *Pub. Util. Comm.* (1938), 133 Ohio St. 208. Indeed, we recently and unanimously rejected the concept of an unlimited right of intervention beyond the procedural control of

---

[3] R. C. 4901.13 provides:

"The public utilities commission may adopt and publish rules to govern its proceedings and to regulate the mode and manner of all valuations, tests, audits, inspections, investigations, and hearings relating to parties before it. All hearings shall be open to the public."

the commission. *Consumers' Counsel* v. *Pub. Util. Comm.*, *supra,* at pages 223-224, fn. 3.

As previously indicated, the commission denied appellant's petition for leave to intervene because (1) the resolution of issues which appellant would pursue would not "affect subgroups of residential customers differently" and (2) appellant's interests were adequately represented by Consumers' Counsel.

In evaluating the exercise of the commission's discretion in this case, we note, preliminarily, that, unlike a rate design case,[4] the rate base and operating income proceeding at bar does *not* present issues of competing, limited, identifiable interests which differentiate prospective intervenors, like appellant, from ordinary members of the public. Rather, as the commission indicated in its order denying appellant's petition for leave to intervene, the resolution of the rate base and operating income issues would similarly affect all residential customers.

As a matter of appellate review, the factors which we deem legally significant in assessing the commission's discretionary decision on permissive intervention include, *inter alia,* the nature and extent of the prospective intervenor's interest; the legal position advanced by the prospective intervenor and its probable relation to the merits of the case; whether the prospective intervenor's interests are adequately represented by the parties; whether intervention will prolong or unduly delay the case; and whether the party seeking intervention will significantly contribute to full development and equitable resolution of the underlying factual issues in the case. See,

---

[4] "Rate design" refers to the process of determining the proportion of the granted rate increase which will be shouldered by the various classes of customers, *i.e.* residential, low income residential, commercial, industrial, etc. Thus, in rate design cases, some groups of customers may have specific interests which they wish to pursue that might be in conflict with that of the residential class as a whole. For example, low income residential customers may have a special interest in a particular rate which Consumers' Counsel, representing a broader spectrum of residential customers, does not choose to advocate. Thus, due to the competing interests in a rate design proceeding, the commission frequently allows groups of residential customers to intervene—even when Consumers' Counsel has already been granted intervenor status.

For a representative sampling of cases where the commission has granted multiple group intervention in rate design cases, see paragraph six of the commission's order (case No. 80-377-EL-AIR) denying appellant's petition for leave to intervene.

generally, Shapiro, Some Thoughts On Intervention Before Courts, Agencies and Arbitrators, 81 Harv. L. Rev. 721. See, also, *Pierson* v. *United States* (D. Del. 1976), 71 F.R.D. 75; *United States* v. *IBM* (S.D. N.Y. 1974), 62 F.R.D. 530, certorari denied, 416 U. S. 995; *State, ex rel. Brown,* v. *Bd. of County Commrs.* (1977), 52 Ohio St. 2d 24 (intervention properly denied when the prospective intervenor failed to show a lack of adequate representation).[5]

We find that, as a practical matter, the interest and objective of appellant and Consumers' Counsel are essentially identical, not antithetical. Both appellant and Consumers' Counsel are seeking the establishment of rates which reflect Davis-Besse's lack of operational availability. As previously noted, appellant contended that Davis-Besse be totally excluded from the rate base. Consumers' Counsel, though, argued that Davis-Besse was includable in the rate base, but sought reductions in the rate base and operating income figures due to the plant's low availability. This difference in strategy should not obscure the fact that the goal of appellant and Consumers' Counsel was identical—rates reflecting Davis-Besse's low availability.

Furthermore, we have carefully reviewed the record in this case and conclude that appellant has utterly failed to make any showing that its interests were not adequately represented by the expertise and experience of Consumers' Counsel. Appellant has made no specific showing as to what evidence or information it would have offered in the proceedings before the commission that Consumers' Counsel overlooked. A difference in tactics or strategy is insufficient to demonstrate inadequate representation. *Pierson* v. *United States, supra.*

When the interest of a party and prospective intervenor are virtually identical, we believe that the prospective intervenor, as one prerequisite to intervention, must make a compelling showing that the party already participating in the proceeding can not or will not adequately represent the prospective intervenor's interest. This is a showing that appellant has failed to make—even after the commission gave appellant

---

[5] We believe that cases construing Rule 24 of both the Federal and Ohio Rules of Civil Procedure are useful, by way of analogy, in evaluating the intervention arguments advanced by the litigants at bar.

the additional opportunity of demonstrating, in a memorandum, (1) its different interests or (2) the inadequacy of the Consumers' Counsel representation.

This court, in *Krupp* v. *Poor* (1970), 24 Ohio St. 2d 123, paragraph two of the syllabus, defined judicial discretion in the following fashion:

"Judicial discretion is the option which a judge may exercise between the doing and not doing of a thing which cannot be demanded as an absolute legal right, guided by the spirit, principles and analogies of the law, and founded upon the reason and conscience of the judge, to a just result in light of the particular circumstances of the case." See, also, *State* v. *Adams* (1980), 62 Ohio St. 2d 151, 157 (abuse of discretion "connotes more than error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.")

Thus, applying the aforementioned definitions of discretion and abuse of discretion to the facts at bar, we conclude that the commission correctly and lawfully exercised its discretion in deciding that appellant's position on the rate base and operating expense issues did not differ from that of and would be adequately represented by Consumers' Counsel.

For all the foregoing reasons, therefore, the commission's order denying appellant's petition for leave to intervene is affirmed.

*Order affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

LOCHER, J., concurs in the judgment.