[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 15.]

WEISS, D.B.A. CENTER WEST REALTY COMPANY, ET AL., APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *Weiss v. Pub. Util. Comm.*, 2000-Ohio-5.]

*Public Utilities Commission—Allegations that rates charged outside the geographical area of a "competitive pilot program" were discriminatory—R.C. 4905.31, 4905.33, and 4905.35 do not prohibit all discrimination—Discounts are permitted based on competition—Commission's dismissal of complaint affirmed.*

(No. 99-444—Submitted May 23, 2000—Decided September 20, 2000.)

APPEAL from the Public Utilities Commission of Ohio, No. 97-876-EL-CSS.

_____

{¶ 1} This is an appeal from orders of the Public Utilities Commission of Ohio in a complaint proceeding brought by Mark R. Weiss, doing business in the names of several commercial real estate companies, against the Cleveland Electric Illuminating Company ("CEI"), pursuant to R.C. 4905.26. Weiss complained that the rates CEI charged him for service at locations outside the geographic boundaries of CEI's "Competitive Pilot Program" were discriminatory and prejudicial, in violation of R.C. 4905.31, 4905.33, and 4905.35. On January 14, 1999, the commission issued its opinion and order, dismissing Weiss's complaint on the basis that CEI's rates were not discriminatory or prejudicial in violation of the statute.

{¶ 2} Weiss appealed the commission's decisions to this court, and CEI intervened as an appellee.

{¶ 3} The cause is now before this court upon an appeal as of right.

_____

*Spangenberg, Shibley & Liber, Dennis R. Landsdowne* and *Mary A. Cavanaugh;* and *Frank E. Piscitelli, Jr.*, for appellant.

*Betty D. Montgomery*, Attorney General, *Duane W. Luckey, Tanisha Lyon Brown* and *William L. Wright*, Assistant Attorneys General, for appellee Public Utilities Commission of Ohio.

*Jones, Day, Reavis & Pogue, Paul T. Ruxin, David A. Kutik* and *Helen L. Liebman*; and *James W. Burk,* for intervening appellee Cleveland Electric Illuminating Company.

---

**LUNDBERG STRATTON, J.**

{¶ 4} This appeal concerns the reasonableness and legality of rates charged by CEI for electric service rendered to customers at different locations within its service territory.

{¶ 5} In 1992, CEI sought commission approval of its Competitive Pilot Program, which would permit it to enter into "competitive response contracts" for service to eligible customers at discounts from its tariffed rates, and other benefits that were not available to its tariff customers. To be eligible for this program, a customer had to be a commercial or industrial customer with a demand between one hundred fifty kW and five hundred kW and be located where it could receive electric service from Cleveland Public Power ("CPP"). In 1993, the PUCO approved CEI's proposed Competitive Pilot Program and approved an expansion of it to include commercial and industrial customers with demands between thirty kW and one hundred fifty kW.

{¶ 6} CPP provides service to much of the east side of Cleveland, but not to most of Cleveland's west side and western suburbs. In 1997, the commission denied an application by CEI to expand its Competitive Pilot Program to include the west side of Cleveland, where CEI anticipated that competitive electric service from CPP could become available. In denying the expansion application, the commission said that it would consider expansion on an individual, case-by-case basis when actual competition was shown to exist.

**{¶ 7}** Weiss operates three commercial real estate properties (office buildings) in Rocky River, Ohio, a western Cleveland suburb outside the previously approved geographical boundaries of the Competitive Pilot Program. CPP does not provide service in Rocky River. After CEI determined that because of the locations of Weiss's office buildings, Weiss was not entitled to discounts and other benefits extended under the Competitive Pilot Program, Weiss complained to the commission that his exclusion from CEI's Competitive Pilot Program violated the prohibitions of R.C. 4905.31, 4905.33, and 4905.35 against discrimination and preferences, arguing that those statutes are "clear and unambiguous in [their] prohibition of discriminatory pricing."

**{¶ 8}** We reject Weiss's argument. R.C. 4905.31, 4905.33, and 4905.35 do not prohibit all discrimination.

**{¶ 9}** R.C. 4905.31(D) explicitly permits a public utility to enter into "any reasonable arrangement" with its customers that discriminates among them according to "[a] classification of service based upon * * * any * * * reasonable consideration." Thus, a discriminatory classification is not prohibited if it is reasonable.

**{¶ 10}** R.C. 4905.33 prohibits discriminatory pricing for "like and contemporaneous service" rendered "under substantially the same circumstances and conditions." If the utility services rendered to customers are different or if they are rendered under different circumstances or conditions, differences in the prices charged and collected are not proscribed by R.C. 4905.33.

**{¶ 11}** R.C. 4905.35 prohibits a utility from making or giving "any undue or unreasonable preference or advantage" or imposing "any undue or unreasonable prejudice or disadvantage." The statute does not prohibit all preferences, advantages, prejudices, or disadvantages—only those that are undue or unreasonable.

{¶ 12} As to R.C. 4905.31, we do not accept Weiss's argument that the phrase "any other reasonable consideration" must be limited by the specific statutory considerations that precede it. Those considerations are "the quantity used, the time when used, the purpose for which used, and the duration of use."

{¶ 13} In *State ex rel. Purdy v. Clermont Cty. Bd. of Elections* (1997), 77 Ohio St.3d 338, 673 N.E.2d 1351, we said: " 'If the meaning of a statute is unambiguous and definite, then it must be applied as written and no further interpretation is appropriate' " and " 'Words used in a statute must be accorded their usual, normal or customary meaning.' " *Id.* at 340, 673 N.E.2d at 1353, quoting *State ex rel. Herman v. Klopfleisch* (1995), 72 Ohio St.3d 581, 584, 651 N.E.2d 995, 997, and *State ex rel. Hawkins v. Pickaway Cty. Bd. of Elections* (1996), 75 Ohio St.3d 275, 277, 662 N.E.2d 17, 19. In *Purdy,* we adopted the meaning of the word "any" as set forth in Webster's Third New International Dictionary (1971) 97: " 'Any' means 'one or some indiscriminately of whatever kind.' " *Id*. *Purdy* supports the conclusion that the phrase "any other reasonable consideration" in R.C. 4905.31(D) is not limited by statutory examples of specific other valid considerations or by decisions of this court approving of considerations of cost of service and customers' service needs.

{¶ 14} Moreover, the commission's 1993 approval of CEI's Competitive Pilot Program and its expansion were grounded on the existence of a competitive service provider within CEI's service territory. In 1997, the commission declined to expand the availability of the benefits offered under the Competitive Pilot Program and, by so doing, emphasized the existence of a competitive service provider for a CEI customer as a reasonable consideration justifying rates other than tariffed rates under competitive response contracts entered into pursuant to R.C. 4905.31. The commission found that "[c]lassifying customers based on the availability of a competitive alternative for electric service is, in this case, a reasonable basis for an electric utility to classify its customers." Based on that

finding, the commission further found that CEI's Competitive Pilot Program and the competitive response contracts entered into under the program did not violate R.C. 4905.31.

{¶ 15} We accept the commission's interpretation of R.C. 4905.31 as allowing discounts based on the existence of competition.[1] Due deference should be given to statutory interpretations by an agency that has accumulated substantial expertise and to which the General Assembly has delegated enforcement responsibility. *Collinsworth v. W. Elec. Co.* (1992), 63 Ohio St.3d 268, 272, 586 N.E.2d 1071, 1074. "[L]ong-standing administrative interpretations [of statutes] are entitled to special weight." *Cleveland v. Pub. Util. Comm.* (1981), 67 Ohio St.2d 446, 451, 21 O.O.3d 279, 282, 424 N.E.2d 561, 565.

{¶ 16} Weiss contends that CEI's Competitive Pilot Program and his exclusion from it violate the proscriptions of R.C. 4905.33 because the program results in different rates being charged to customers in the same class for contemporaneous service rendered under substantially the same circumstances and conditions. Weiss defines the class as being small business customers falling within the same demand range.

{¶ 17} However, as the commission noted, there is a distinction between CEI's small business customers that are located where they can receive electric service from a competitor of CEI (in this case, CPP) and those small business customers that are located where no competitive electric service is available to them. We agree with the commission's finding that the difference between such customers, based on location determined by availability of competitive electric service, constituted a real difference with a reasonable basis and with the

---

1. In addition to the commission's decisions involving CEI's Competitive Pilot Program, see Allnet Communications Serv., Inc. v. Pub. Util. Comm. (1994), 70 Ohio St.3d 202, 638 N.E.2d 516, in which competitive circumstances were recognized by the commission as justification for rate differentials.

commission's conclusion that the difference justified a rate differential between the two geographical areas.

{¶ 18} Moreover, within each area, there is no rate differential, and CEI provides service within each area under substantially the same circumstances and conditions. Every other small business customer located within the portion of CEI's service territory where competitive electric service is unavailable is required to pay the same tariff rates as are payable by Weiss for the same electrical usage. Thus, as the commission determined, there was no violation of R.C. 4905.33.

{¶ 19} Weiss also contends that CEI's Competitive Pilot Program and its competitive response contracts gave undue or unreasonable preference or advantage to certain of CEI's customers with whom he competed, resulting in his being subjected to undue or unreasonable prejudice or disadvantage in violation of R.C. 4905.35. Weiss's contention fails in several respects.

{¶ 20} R.C. 4905.35 proscribes public utilities from giving undue or unreasonable preferences or advantages, and although CEI's Competitive Pilot Program makes available to some of its customers certain advantages that are not available to Weiss, Weiss made no showing to the commission that such preferences and advantages were undue or unreasonable.

{¶ 21} We agree with the commission's finding that Weiss was not prejudiced by the existence of CEI's Competitive Pilot Program, from which Weiss was geographically excluded, because, if there were no Competitive Pilot Program, owners of commercial buildings located where CEI and CPP compete with each other would still be eligible for CPP's lower rates that are not available to Weiss. The commission said: "Therefore, * * * Complainant's competitors would still have an advantage over Complainant with regard to the rates paid for electric service. We do not believe that Respondent's [CEI's] Competitive Pilot Program does give customers in the program an undue or unreasonable advantage vis-à-vis the Complainant."

6

**{¶ 22}** In addition to the foregoing claimed errors based on Ohio's statutory regulatory scheme, Weiss argues that denial to him of the benefits available under CEI's Competitive Pilot Program constitutes a denial of equal protection of the law. The Equal Protection Clause of the United States Constitution, as well as the corresponding clause of the Ohio Constitution, "[s]imply stated, * * * requires that individuals be treated in a manner similar to others in like circumstances." *State ex rel. Doersam v. Indus. Comm.* (1989), 45 Ohio St.3d 115, 119, 543 N.E.2d 1169, 1173. There was no denial to Weiss of equal protection of the law, because denial to Weiss of the benefits of the Competitive Pilot Program was based on a reasonable classification of customers, and CEI's customers in the same classification as Weiss are treated similarly to Weiss.

**{¶ 23}** Last, we reject Weiss's argument that the commission committed reversible error in refusing to hear his complaint case as a class action.

**{¶ 24}** R.C. 4901.13 provides that the "commission may adopt and publish rules to govern its proceedings and to regulate the mode and manner of all * * * hearings relating to parties before it." "Under R.C. 4901.13 the commission has broad discretion in the conduct of its hearings." *Duff v. Pub. Util. Comm.* (1978), 56 Ohio St.2d 367, 379, 10 O.O.3d 493, 500, 384 N.E.2d 264, 273. "It is well-settled that pursuant to R.C. 4901.13, the commission has the discretion to decide how, in light of its internal organization and docket considerations, it may best proceed to manage and expedite the orderly flow of its business, avoid undue delay and eliminate unnecessary duplication of effort." (Footnote omitted.) *Toledo Coalition for Safe Energy v. Pub. Util. Comm.* (1982), 69 Ohio St.2d 559, 560, 23 O.O.3d 474, 475, 433 N.E.2d 212, 214. If Weiss had prevailed, the commission would have been obligated to adjust rates for the remaining ratepayers, accomplishing the same purpose as a class action.

**{¶ 25}** Based on the commission's authority invested by R.C. 4901.13 and its broad discretion to act under that statutory provision, we find no error on the part of the commission in refusing to hear Weiss's complaint case as a class action.

**{¶ 26}** Accordingly, the commission's orders below are hereby affirmed.

*Orders affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and CHRISTLEY, JJ., concur.

PFEIFER, J., concurs in judgment only.

JUDITH A. CHRISTLEY, J., of the Eleventh Appellate District, sitting for COOK, J.

_____