OPINION
{¶ 1} Appellant Tri-State Reclamation LLC appeals the decision of the Ohio Reclamation Commission, which held appellant lacked standing to appeal a decision of the appellee, the Ohio Division of Mines and Mineral Resources Management ("Division"), regarding a permit to dewater a lake on appellant's property. The relevant facts leading to this appeal are as follows.
 {¶ 2} In May 1984, the predecessor to Appellee Division of Mines and Mineral Resources Management granted the Peabody Coal Company a coal mining and reclamation permit ("Permit D-235"), and renewed same in May 1989. During the late 1980s, Peabody created a lake ("Merkle Lake") in the permit area for the purpose of slurry deposition. In 1990, Peabody ceased mining operations in that area, and Merkle Lake eventually became an unofficial wildlife haven.
 {¶ 3} In 1994, Permit D-235 expired, and in 1998, Peabody Coal sold a parcel of real property surrounding and including Merkle Lake to appellant. Under the purchase agreement, appellant intended to assume the permit. Although the Division declined to approve a permit transfer from Peabody to appellant, a reclamation agreement was executed between Peabody and appellant which would obligate appellant to either perform or pay for all necessary reclamation activities on the lake property.
 {¶ 4} In April 2004, Peabody presented an application ("ARP-325-53") to dewater Lake Merkle by reclaiming with two feet of soil and two feet of limestone, instead of the more common method of using four feet of soil. The Division approved Peabody's revised permit on September 8, 2004, effectively requiring Peabody to breach, dewater and fill the lake with soil and limestone. After unfruitful discussions with the Division, appellant, on October 1, 2004, timely filed an appeal of the permit approval to the Reclamation Commission. Following the hearing on the appeal, appellee's counsel raised the issue of appellant's standing to appeal. After allowing the parties time to brief the issue, the Reclamation Commission, on November 19, 2004, issued an order dismissing the Appellant Tri-State's administrative appeal for lack of standing.
 {¶ 5} On December 15, 2004, appellant filed a notice of appeal to this Court, pursuant to R.C. 1513.14(A).[1] It herein raises the following sole Assignment of Error:
 {¶ 6} I. THE RECLAMATION COMMISSION ERRED AS A MATTER OF LAW IN DISMISSING APPELLANT TRI-STATE RECLAMATION LLC'S APPEAL FROM THE DECISION OF THE DIVISION OF MINES AND MINERAL RESOURCES MANAGEMENT APPROVING AN APPLICATION TO REVISE A MINING AND RECLAMATION PERMIT ADVERSELY AFFECTING TRI-STATE'S PROPERTY."
 I. {¶ 7} In its sole Assignment of Error, Appellant Tri-State argues the trial court erred in dismissing its appeal to the Reclamation Commission on the basis of lack of standing. We agree.
 {¶ 8} Our standard of review is set forth in R.C.1513.14(A)(3), which reads in pertinent part: "The [appeals] court shall affirm the decision of the commission unless the court determines that it is arbitrary, capricious, or otherwise inconsistent with law, in which case the court shall vacate the decision and remand to the commission for such further proceedings as it may direct." This standard of review presumes that an administrative agency's or board's actions are valid. C. T. Evangelinos v. Div. of Mineral Resources Mgmt., Belmont App. No. 03 BE 70, 2004-Ohio-7061, ¶ 18, citing Buckeye ForestCouncil v. Division of Mineral Resources Mgmt., Belmont App. No. 01 BA 18, 2002-Ohio-3010, ¶ 7; Weiss v. PUC (2000),90 Ohio St.3d 15, 17, 734 N.E.2d 775. See, also, R.C. 1513.02. Furthermore, when interpreting statutes, courts "* * * must give due deference to an administrative interpretation formulated by an agency that has accumulated substantial expertise and to which the General Assembly has delegated the responsibility of implementing the legislative command." Tuscarawas County ChildSupport Enforcement Agency v. Burger, Tuscarawas App. Nos. 2000AP120093, 2000AP110075, 2000AP110088, 2000AP110074, 2000AP110087, 2000AP110078, 2000AP110086, 2000AP110076, 2000AP110089, 2001-Ohio-1440, citing Swallow v. Indus. Comm.
(1988), 36 Ohio St.3d 55, 57.
 {¶ 9} The issue of standing is a threshold test that, once met, permits a court to determine the merits of the questions presented. Wiley Organics, Inc. v. Ankrom, Coshocton App. No. 03 CA 12, 2004-Ohio-6362, ¶ 15, citing Tiemann v. Univ. ofCincinnati (1998), 127 Ohio App.3d 312, 325, 712 N.E.2d 1258. When an appellate court is presented with a standing issue, generally a question of law, it applies a de novo standard of review. See Hicks v. Meadows, Summit App. No. 21245, 2003-Ohio-1473, citing Cleveland Elec. Illum. Co. v. Pub. Util.Comm. (1996), 76 Ohio St.3d 521, 523, 668 N.E.2d 889.
 {¶ 10} R.C. 1513.13(A)(1), addressing the issue of standing in an appeal to the reclamation commission, states as in part follows: "Any person having an interest that is or may be
adversely affected by a notice of violation, order, or decision of the chief of the division of mineral resources management, other than a show cause order or an order that adopts a rule, or by any modification, vacation, or termination of such a notice, order, or decision, may appeal by filing a notice of appeal with the reclamation commission for review of the notice, order, or decision within thirty days after the notice, order, or decision is served upon the person or within thirty days after its modification, vacation, or termination and by filing a copy of the notice of appeal with the chief within three days after filing the notice of appeal with the commission. * * *." (Emphasis added.)
 {¶ 11} Appellant first argues that the decision approving the permit modification, which is the initial decision requiring implementation of actual plans to dewater Lake Merkle, creates potential injury or adverse effect to appellant, as landowner, simply by virtue of the lake's accelerated destruction. Secondly, appellant contends that it faces harm to its financial interests via the contractual obligation it undertook, when it purchased the property from Peabody, to perform or pay for the breaching and filling of the lake. Thirdly, appellant maintains that its employees use and enjoy the natural habitats that have resulted from the cessation of utilizing its lake for slurry containment.
 {¶ 12} In its decision denying appellant standing, the Commission concluded, inter alia, that "in appeals regarding the reclamation of a mined area, the `real party in interest' is, most generally, the permittee." Decision at 5. We are cognizant that Peabody, not appellant, has held the permit at the center of this case. Decision at 6. However, notwithstanding the due deference we ordinarily give to an administrative decision, we are troubled by the Commission's apparent assumption that the applicability of R.C. 1513.13 (A)(1) is restricted to a single party in interest in a reclamation appeal. Furthermore, the Commission relied on the rationale that appellant, who purchased the property knowing that Merkle Lake was designed as a temporary feature, had never filed a request with the Division to make the lake permanent. See Decision at 4. However, there is no present dispute that such a request would require approval by with the Federal Office of Surface Mining. See, e.g., R.C. 1513.36. Appellant urges that the very point of its appeal to the Commission is to prevent premature destruction of the lake before appellant can pursue a permanency request with the federal authorities.
 {¶ 13} Appellee in response strongly emphasizes that the sole issue before the Division was Peabody's request to use an alternative re-soiling method for reclamation, and the permit was indeed amended accordingly. Appellee also cites Johnson's IslandProperty Owners' Assoc. v. ODNR (2000), 103 Ohio Misc.2d 52, for the proposition that a party cannot be adversely affected by a decision that simply requires that land be returned to its original condition. Nonetheless, in the case sub judice, we find merit in appellant's argument that the Division's action on Peabody's permit application sets forth, for the first time, the form and timing of the reclamation of appellant's property at a time when alternative methods of reclaiming the area, including the ongoing maintenance of a lake or wetlands area, are still in the realm of possibility. Under such facts and circumstances, and in light of the articulation by appellant of other potential harm to its interests as the landowner, we hold appellant should have been granted standing to appeal the Division's decision to the Reclamation Commission pursuant to R.C. 1513.13(A)(1).
 {¶ 14} Appellant's sole Assignment of Error is sustained.
 {¶ 15} For the foregoing reasons, the judgment of the Ohio Reclamation Commission is hereby reversed and remanded for a new hearing consistent with this opinion.
Wise, J. Boggins, P.J., and Edwards, J., concur.
 Judgment Entry
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Reclamation Commission is hereby reversed and remanded for further proceedings consistent with this opinion.
Costs to Appellee Division of Mines and Mineral Resources Management.
[1] Pursuant to R.C. 1513.14(A), "[a]ny party aggrieved or adversely affected by a decision of the reclamation commission may appeal to the court of appeals for the county in which the activity addressed by the decision of the commission occurred, is occurring, or will occur, which court has exclusive jurisdiction over the appeal."