[THE STATE, EX REL.] LAKE ERIE CONSTRUCTION COMPANY, APPELLANT,
v. INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State, ex rel. Lake Erie Constr. Co.,
v. Indus. Comm.* (1991), 62 Ohio St.3d 81.]

(No. 90–991—Submitted July 17, 1991—Decided October 16, 1991.)

*Millisor & Nobil, John R. Slater, Keith L. Pryatel* and *Roger L. Sabo,* for appellant.

*Lee I. Fisher,* Attorney General, and *Jeffery W. Clark,* for appellees.

*Per Curiam.* R.C. 4123.32 provided in part:

"The industrial commission shall adopt rules with respect to the collection, maintenance, and disbursements of the state insurance fund among which rules shall be the following:

" * * *

"(D) Such special rules as the commission considers necessary to safeguard the fund and as are just in the circumstances, covering the rates to be applied where one employer takes over the occupation or industry of another * * * and the commission may require that if any employer transfers his business in whole or in part or otherwise reorganizes such business, the successor in interest shall assume, in proportion to the extent of such transfer, as determined by the commission, such employer's account and shall continue the payment of all contributions due under Chapter 4123. of the Revised Code[.]" Am.Sub.H.B. No. 1017, 137 Ohio Laws, Part II, 3710, 3711. (Current R.C. 4123.32 gives similar rule-making power to the Administrator of the Bureau of Workers' Compensation.)

Acting under this grant, the commission adopted Ohio Adm.Code 4121-7-02(B), which states:

"(B) Succeeding employers—experience.

" * * *

"(3) Where a legal entity having an established coverage or having had experience in the most recent experience period wholly succeeds one or more legal entities having established coverage or having had experience in the most recent experience period and at least one of the entities involved has a merit rating experience, the experience of all the involved entities shall be combined to establish the rate of the successor.

"(4) Where a legal entity succeeds in the operation of a portion of a business of one or more legal entities having an established coverage or having had experience in the most recent experience period, the successor's rate shall be based on the predecessor's experience within the most recent experience period, pertaining to the portion of the business acquired by the successor."

Appellant proposes that (1) it is not Bleile's successor in interest, and (2) it does not meet the common-law criteria for successor liability assumption and, therefore, cannot assume Bleile's rate experience. We disagree.

The current controversy centers on the definition of "successor in interest." Appellees define the term by the statutory language that precedes it—successor in interest being the transferee of a "business in whole or in part." Appellant responds that R.C. 4123.32 does not define the term and, therefore, under R.C. 1.49, the court must adopt a common-law definition. This argument fails.

We find no evidence in either R.C. 4123.32(D) or Ohio Adm.Code 4121-7-02(B) that "successor in interest" is intended to be the term of art that appellant claims. Both sections imply that a successor in interest, for work-

ers' compensation purposes, is simply a transferee of a business in whole or in part. Presumably, the General Assembly would have expressly set forth a more specialized meaning if that was its intent. Contrary to appellant's representation, there is no need to look beyond these provisions.

Appellant also proposes that the successorship liability principles enunciated in *Flaugher v. Cone Automatic Machine Co.* (1987), 30 Ohio St.3d 60, 30 OBR 165, 507 N.E.2d 331, control the assumption of Bleile's rate experience. *Flaugher* stated:

"The general rule in products liability is that a successor corporation's amenability to suit will depend on the nature of the transaction which gave rise to the change in ownership. * * * Where the transfer is accomplished by means of a statutory merger or consolidation, the liability of the former corporation will be assumed by the new entity. * * * Where there is merely a sale of a corporation's assets, the buyer corporation is not liable for the seller corporation's tortious conduct unless one of the following four exceptions applies:

"(1) the buyer expressly or impliedly agrees to assume such liability;

"(2) the transaction amounts to a *de facto* consolidation or merger;

"(3) the buyer corporation is merely a continuation of the seller corporation; or

"(4) the transaction is entered into fraudulently for the purpose of escaping liability. * * * *" (Citations omitted.) *Id.* at 62, 30 OBR at 167, 507 N.E.2d at 334.

We reject appellant's assertion for several reasons. First, the General Assembly in R.C. 4123.32(D) has already stated the experience-assumption criteria that it wants applied. Second, *Flaugher* involved products liability and amenability to common-law suit. Third, the criterion of *Flaugher* that there is "merely a sale of a corporation's assets" does not apply to appellant. Here, in addition to the purchase of the assets, appellant contractually agreed to retain all Bleile employees. Arrangements were also made for a successor profit-sharing plan and there was partial commonality of directors. Accordingly, we find *Flaugher* inapplicable.

For the reasons set forth above, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.