[Cite as *State ex rel. Valley Roofing, L.L.C. v. Ohio Bur. of Workers' Comp.,* 122 Ohio St.3d 275, 2009-Ohio-2684.]

THE STATE EX REL. VALLEY ROOFING, L.L.C., APPELLEE, *v.* OHIO BUREAU OF
WORKERS' COMPENSATION, APPELLANT.

[Cite as *State ex rel. Valley Roofing, L.L.C. v. Ohio Bur. of Workers' Comp.,*
122 Ohio St.3d 275, 2009-Ohio-2684.]

*Workers' compensation — Successor in interest — Experience rating.*

(No. 2008-0067 — Submitted March 10, 2009 — Decided June 16, 2009.)

APPEAL from the Court of Appeals for Franklin County,

No. 07AP-181, 2007-Ohio-6277.

_____

**Per Curiam**.

{¶ 1}  PNC Bank foreclosed on the assets of Tech Valley Contracting,
Inc. ("Tech").  Appellee Valley Roofing Company, L.L.C. ("Valley") bought
those assets from PNC and continued the business operation.  When Valley
applied for workers' compensation coverage, appellant Ohio Bureau of Workers'
Compensation, as part of the process, transferred Tech's experience rating to
Valley, finding that Valley was Tech's successor in interest.  Valley objected and
eventually filed a complaint in mandamus in the Court of Appeals for Franklin
County.

{¶ 2}  The court granted a writ of mandamus.  Relying on *State ex rel.
Crosset Co., Inc. v. Conrad* (2000), 87 Ohio St.3d 467, 721 N.E.2d 986, the
appellate court found that because the bureau had abused its discretion in
determining that Valley was Tech's successor in interest, the bureau could not
transfer Tech's experience rating to Valley.

{¶ 3}  This cause is now before this court on the bureau's appeal as of
right.

{¶ 4}  A successor in interest, under R.C. 4123.32(C), assumes "in proportion to the extent of the transfer * * * the [prior] employer's account and shall continue the payment of all contributions due under this chapter." One element of this account is the experience rating, which factors into an employer's merit rating for workers' compensation premium purposes.

{¶ 5}  We have defined "successor in interest," for workers' compensation purposes, as a "transferee of a business in whole or in part." *State ex rel. Lake Erie Constr. Co. v. Indus. Comm.* (1991), 62 Ohio St.3d 81, 83-84, 578 N.E.2d 458.  This definition, however, does not apply if the business assets of the predecessor entity have been purchased from a bank and not directly from that employer.  As we stated in *Crosset*, "the specific language of R.C. 4123.32(D) [now R.C. 4123.32(C)] * * *, *i.e.,* 'employer transfers his business in whole or in part or otherwise reorganizes the business,' is plain and unambiguous.  The language of the statute clearly refers to a voluntary act of the employer and not the involuntary transfer of the employer's business through an intermediary bank."  *Crosset*, 87 Ohio St.3d at 471, 721 N.E.2d 986.

{¶ 6}  Valley did not purchase Tech's assets from Tech.  It acquired them from an intermediary bank. Under *Crosset*, *Lake Erie*'s definition of "successor in interest" does not apply. Accordingly, Valley cannot be considered to be Tech's successor in interest and cannot be assigned Tech's experience rating.

{¶ 7}  The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., and PFEIFER, O'CONNOR, and LANZINGER, JJ., concur.

LUNDBERG STRATTON, O'DONNELL, and CUPP, JJ., dissent.

_____

**CUPP, J., dissenting.**

{¶ 8}  I respectfully dissent for two reasons.  First, we have long recognized — and deferred to — the considerable expertise of both the Industrial

Commission and the Bureau of Workers' Compensation in premium matters. See *State ex rel. Reaugh Constr. Co. v. Indus. Comm.* (1928), 119 Ohio St. 205, 209, 162 N.E. 800; *State ex rel. McHugh v. Indus. Comm.* (1942), 140 Ohio St. 143, 23 O.O. 361, 42 N.E.2d 774; *State ex rel. Viox Builders, Inc. v. Lancaster* (1989), 46 Ohio St.3d 144, 545 N.E.2d 895; *State ex rel. Minutemen, Inc. v. Indus. Comm.* (1991), 62 Ohio St.3d 158, 161, 580 N.E. 2d 777. In this case, the bureau determined that Valley Roofing Company, L.L.C. ("Valley") was the successor in interest to Tech Valley Contracting, Inc. ("Tech"), and I do not believe that that determination should be disturbed.

**{¶ 9}** Second, I also believe that the majority's reliance on *State ex rel. Crosset Co., Inc. v. Conrad* (2000), 87 Ohio St.3d 467, 721 N.E.2d 986, is misplaced. *Crosset* does state that *Lake Erie Constr. Co. v. Indus. Comm.* (1991), 62 Ohio St.3d 81, 578 N.E.2d 458, does not apply when a successor entity purchases the predecessor's assets from an intermediary bank rather than directly from the predecessor itself. 87 Ohio St.3d at 475, 721 N.E.2d 986. *Crosset* also, however, reaffirmed *Lake Erie*'s applicability to the transfer of experience ratings, which is the issue now before us. Id. at 474. This, in turn, creates a dilemma. The presence of an intermediary bank supports application of *Crosset,* but the fact that it is an experience rating and not a retrospective-rating plan that is at issue favors *Lake Erie*'s applicability. Because I believe that the reasoning underlying *Crosset* is flawed, *Lake Erie* should instead apply.

**{¶ 10}** In *Crosset*, the original company ("Old Crosset") ceased operations when two banks foreclosed on its assets. 87 Ohio St.3d at 471, 721 N.E.2d 986. TCC Acquisitions then purchased those assets and continued the business under the Crosset name ("New Crosset"). When New Crosset applied for workers' compensation coverage, the bureau transferred Old Crosset's experience rating to it. New Crosset did not object.

**{¶ 11}** The bureau also transferred unpaid obligations associated with Old Crosset's participation in a retrospective-rating plan. A retrospective-rating plan is an alternative premium plan under R.C. 4123.29(A)(3) that allows an employer to pay a lower annual premium in exchange for the employer's direct payment of actual medical costs and compensation for each claim arising that year. New Crosset challenged that transfer by filing a complaint in mandamus in the Court of Appeals for Franklin County.

**{¶ 12}** The court of appeals, relying on *Lake Erie*, defined New Crosset as a successor in interest and upheld the transfer. This court reversed, relevantly holding that (1) R.C. 4123.32(D) did not apply to the acquisition of assets from an intermediary bank and (2) *Lake Erie* applied to the transfer of experience ratings, not retrospective-rating plans. *Crosset*, 87 Ohio St.3d at 475, 721 N.E.2d 986.

**{¶ 13}** The majority holding was based on former R.C. 4123.32(D), now R.C. 4123.32(C), which states:

**{¶ 14}** "[I]f *any employer* transfers a business in whole or in part or otherwise reorganizes the business, the successor in interest shall assume, in proportion to the extent of transfer, * * * the employer's account and shall continue the payment of all contributions due under this chapter." (Emphasis added.)

**{¶ 15}** The majority's reasoning was simple: New Crosset acquired Old Crosset's assets from a bank, not from "any employer." The majority feared that to approve the transfer under these circumstances "would subject all purchasers of assets from secured parties, where the purchasers intended to continue in the same business, to liabilities of debtors, even though such purchasers might not have any way of determining what, if any, such liabilities might exist. Chances are that before, during, and after forfeiture of assets of a debtor to a secured creditor, even the secured creditor may not know or have any way to find out about any

4

outstanding obligations junior to the secured creditor's interest." Id. at 472, 721 N.E.2d 986.

{¶ 16} Unlike *Lake Erie*, *Crosset* was not unanimous, and the dissent made some thoughtful observations. The dissent challenged the majority's emphasis on the presence of an intermediary bank for two reasons. It disagreed with the majority's claim that R.C. 4123.32(D) "clearly refers to a voluntary act of the employer and not the involuntary transfer of the employer's business through an intermediary bank." Id. at 471, 721 N.E.2d 986. The dissent stated that Ohio's commercial code, as contained in R.C. 1336.01(L), defined "transfer" as "every direct or indirect, absolute or conditional, and voluntary or involuntary method of disposing of or parting with an asset." Id. at 476-477.

{¶ 17} The dissent also stressed that "the majority focuses its analysis on only half of the statutory phrase that supports the authority of the [bureau] administrator." Id. at 477, 721 N.E.2d 986. R.C. 4123.32(D) applies, she wrote, when "any employer transfers his business * * * *or otherwise reorganizes the business*." (Emphasis added.) "Reorganization," she stated, was a "commonly used term for the restructuring of a business that occurs in bankruptcy. Employers forced into such proceedings would likely hesitate to describe such actions as voluntary." Id. This observation also undermines the majority's statement that the presence of an intermediary bank is a critical distinction, since a reorganization through bankruptcy would involve some type of intermediary.

{¶ 18} These observations are insightful, and I agree with the conclusion that the *Crosset* majority read R.C. 4123.32(D) too narrowly. For these reasons, I believe that Valley's acquisition of Tech's assets from PNC Bank rather than directly from Tech is irrelevant to the issue of Valley's status as a successor in interest. I also note that *Crosset* devoted considerable discussion to affirming *Lake Erie*'s applicability to the transfer of experience ratings – a point that the present majority does not address.

**{¶ 19}** Accordingly, I would reverse the court of appeals and find that, under *Lake Erie*, Valley is Tech's successor in interest.

LUNDBERG STRATTON and O'DONNELL, JJ., concur in the foregoing opinion.

_____

Hemmer Pangburn DeFrank, P.L.L.C., Scott R. Thomas, and Robert L. Dawson, for appellee.

Richard Cordray, Attorney General, and Gerald H. Waterman, Assistant Attorney General, for appellant.

_____