Per Curiam.
{¶ 1} PNC Bank foreclosed on the assets of Tech Valley Contracting, Inc. (“Tech”). Appellee Valley Roofing Company, L.L.C. (“Valley”) bought those assets from PNC and continued the business operation. When Valley applied for workers’ compensation coverage, appellant Ohio Bureau of Workers’ Compensation, as part of the process, transferred Tech’s experience rating to Valley, finding that Valley was Tech’s successor in interest. Valley objected and eventually filed a complaint in mandamus in the Court of Appeals for Franklin County.
{¶ 2} The court granted a writ of mandamus. Relying on State ex rel. Crosset Co., Inc. v. Conrad (2000), 87 Ohio St.3d 467, 721 N.E.2d 986, the appellate court found that because the bureau had abused its discretion in determining that Valley was Tech’s successor in interest, the bureau could not transfer Tech’s experience rating to Valley.
{¶ 3} This cause is now before this court on the bureau’s appeal as of right.
{¶ 4} A successor in interest, under R.C. 4123.32(C), assumes “in proportion to the extent of the transfer * * * the [prior] employer’s account and shall continue the payment of all contributions due under this chapter.” One element of this *276 account is the experience rating, which factors into an employer’s merit rating for workers’ compensation premium purposes.
{¶ 5} We have defined “successor in interest,” for workers’ compensation purposes, as a “transferee of a business in whole or in part.” State ex rel. Lake Erie Constr. Co. v. Indus. Comm. (1991), 62 Ohio St.3d 81, 83-84, 578 N.E.2d 458. This definition, however, does not apply if the business assets of the predecessor entity have been purchased from a bank and not directly from that employer. As we stated in Crosset, “the specific language of R.C. 4123.32(D) [now R.C. 4123.32(C) ] * * *, i.e., ‘employer transfers his business in whole or in part or otherwise reorganizes the business,’ is plain and unambiguous. The language of the statute clearly refers to a voluntary act of the employer and not the involuntary transfer of the employer’s business through an intermediary bank.” Crosset, 87 Ohio St.3d at 471, 721 N.E.2d 986.
{¶ 6} Valley did not purchase Tech’s assets from Tech. It acquired them from an intermediary bank. Under Crosset, Lake Erie’s definition of “successor in interest” does not apply. Accordingly, Valley cannot be considered to be Tech’s successor in interest and cannot be assigned Tech’s experience rating.
{¶ 7} The judgment of the court of appeals is affirmed.
Judgment affirmed.
Moyer, C.J., and Pfeifer, O’Connor, and Lanzinger, JJ., concur.
Lundberg Stratton, O’Donnell, and Cupp, JJ., dissent.