[Cite as *AWL Transport, Inc. v. Ohio Dept. of Job & Family Servs.*, 2016-Ohio-2954.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| AWL Transport, Inc., | : | |
| Appellant-Appellant, | : | |
| | | No. 15AP-674 |
| v. | : | (C.P.C. No. 14CV-10540) |
| Ohio Department of Job & Family Services, | : | (REGULAR CALENDAR) |
| Appellee-Appellee. | : | |

D E C I S I O N

Rendered on May 12, 2016

**On brief:** *Jonathan P. Blakely*, for appellant. **Argued:** *Jonathan P. Blakely*.

**On brief:** *Michael DeWine*, Attorney General, and *Alan P. Schwepe*, for appellee. **Argued:** *Alan P. Schwepe*.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Appellant-appellant, AWL Transport, Inc., appeals the March 4, 2015 judgment of the Franklin County Court of Common Pleas affirming the decision of the Ohio Unemployment Compensation Review Commission ("the commission"), which found appellant to be a successor in interest for purposes of determining its liability and unemployment compensation rate under Chapter 4141 of the Revised Code. For the reasons that follow, we affirm the trial court's judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In a notification mailed on December 20, 2013, the Office of Unemployment Compensation at the Ohio Department of Job and Family Services ("ODJFS") informed appellant that "[i]n accordance with Sections 4141.24(F) and 4141.24(G)(1) of the Ohio

Revised Code, and Rule 4141-17-04 of the Ohio Administrative Code," appellant had been found to be a "total successor in interest to Triple Lady's Agency, Inc. effective January 1, 2011." (Dec. 20, 2013 Notification, 1.) As such, appellant was assigned contribution rates of 2.7 percent for 2011, 11.4 percent for 2012, 10.5 percent for 2013, and 7.7 percent for 2014.

{¶ 3} Appellant filed a request for reconsideration of that decision with the director of ODJFS. In a decision mailed May 30, 2014, citing R.C. 4141.24(G) and Ohio Adm.Code 4141-17-04, the director determined that appellant "acquired all of the trade and business of Triple Lady's," and both companies were under common management and control. (Director's Reconsideration Decision, 2.) Therefore, the director found that appellant was correctly determined to be a successor in interest by operation of law and affirmed the determination of employer liability and rate of contribution.

{¶ 4} On June 27, 2014, appellant filed with the commission an application for review of the director's reconsideration decision. After a telephone hearing, the commission determined, in a decision mailed on September 17, 2014, the following findings of fact:

> Triple Ladies [sic] Agency, Inc. operated a trucking company. The company had approximately 200 tractors and flatbed trucks. It also operated a van business and owned a number of vans. Triple Ladies [sic] Agency, Inc. was operating at a loss and dissolved in December, 2010. Jerry Carlton was the Chief Executive Officer of the company. Jerry's Wife, Heather Carlton, and his daughters, Linda Carlton and Gloria Vechery each owned one-third of the company. Ms. Vechery was the President and Heather Carter and Linda Carter were Vice Presidents. Patrick Fojas was the Chief Financial Officer.
>
> In October, 2010, Jerry Carlton started AWL Transport, Inc. Mr. Carlton was the sole member and Chief Executive Officer. Mr. Fojas was Chief Financial Officer of the new company.
>
> In January, 2011, AWL purchased approximately 50 tractors from Triple Ladies Agency. The remaining tractors, trailers and vans were surrendered by Triple Ladies [sic] Agency to its creditors.
>
> During the fourth quarter of 2010 nineteen of the Triple Ladies [sic] Agency's employees transferred to AWL

> Transport, Inc.  In the first quarter of 2011 AWL Transfer, [sic] Inc. hired most of the remaining employees of Triple Ladies Agency.

{¶ 5}  Based on these findings, the commission concluded appellant is a successor in interest to Triple Lady's.  In doing so, the commission reasoned that "Triple Ladies [sic] Agency, Inc. transferred a major portion of its business to [appellant] and that both employers were under substantially common management and control" and, therefore, "[p]ursuant to [R.C.] 4141.24(G) * * * the employee unemployment experience attributable to the portion of the business that was transferred shall be transferred to [appellant]." (Commission Decision, 4-5.)  The commission thereby modified the May 30, 2014 director's reconsidered decision and remanded the matter "to determine * * * liability rates in accordance with [the] decision."  (Commission Decision, 5.)

{¶ 6}  On October 11, 2014, appellant appealed the commission's decision to the court of common pleas pursuant to R.C. 4141.26(D).  In its notice of appeal, appellant asked the trial court to find it is not a successor in interest and contended that the only appropriate way to make this determination was to apply R.C. 4141.24(F).  The trial court, citing evidence of Triple Lady's sale of vehicles to appellant and workforce transfers between Triple Lady's and appellant and evidence demonstrating that appellant and Triple Lady's were under common management and control, determined that appellant is a successor in interest.  Appellant filed a timely appeal to this court.

## II.  ASSIGNMENT OF ERROR

{¶ 7}  Appellant assigns a single assignment of error for our review:

> The trial court committed reversible error by upholding the Unemployment Commission's Decision which applied the facts to the wrong law; Appellant is not a successor in interest under Ohio R.C. § 4141.24(F) because not all of the business at issue was transferred.

## III.  DISCUSSION

### A.  Standard of Review

{¶ 8}  Pursuant to R.C. 4141.26(D)(2), in an appeal to the court of common pleas challenging a successor in interest finding and resultant rate determination:

> [t]he [common pleas] court may affirm the determination or order complained of in the appeal if it finds, upon consideration of the entire record, that the determination or order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the determination or order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law.  The judgment of the court shall be final and conclusive unless reversed, vacated, or modified on appeal.

{¶ 9}  "The Supreme Court of Ohio has held, 'the Court of Common Pleas must give due deference to the administrative resolution of evidentiary conflicts.  For example, when the evidence before the court consists of conflicting testimony of approximately equal weight, the court should defer to the determination of the administrative body, which, as the fact-finder, had the opportunity to observe the demeanor of the witnesses and weigh their credibility.' "  *All Star Personnel, Inc. v. Unemp. Comp. Rev. Comm.*, 10th Dist. No. 05AP-522, 2006-Ohio-1302, ¶ 21, quoting *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 111 (1980).

{¶ 10} An appeal may be taken from the decision of the court of common pleas court.  R.C. 4141.26(D)(2).  Regarding issues of fact on appeal, an appellate court may not make factual findings or weigh the credibility of witnesses but must determine whether the common pleas court abused its discretion.  *Resource Title Natl. Agency, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 14AP-39, 2014-Ohio-3427, ¶ 8, *discretionary appeal not allowed*, 2015-Ohio-1591; *Valentine Contrs., Inc. v. Dir., Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 15AP-86, 2015-Ohio-5576, ¶ 14.  In successor in interest cases, "this court has defined 'abuse of discretion' as connoting more than an error in judgment, but implying a decision that is without a reasonable basis and clearly wrong." *All Star Personnel* at ¶ 13.

{¶ 11} On questions of law, an appellate court's review of the trial court decision is plenary.  *BRT Transport, L.L.C. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 14AP-800, 2015-Ohio-2048, ¶ 15, citing *Kate Corp. v. Ohio Unemp. Comp. Rev. Comm.*, 10th Dist. No. 03AP-315, 2003-Ohio-5668, ¶ 7.  Where the question of law involves statutory interpretation, "a reviewing court should give due deference to statutory

interpretations by an administrative agency that has substantial experience and has been delegated enforcement responsibility." *Resource Title Natl. Agency* at ¶ 8, citing *Weiss v. Pub. Util. Comm.*, 90 Ohio St.3d 15, 17-18 (2000).

### B. Assignment of Error

{¶ 12} Appellant's argument under its assignment of error is threefold. First, appellant contends that the trial court committed reversible error by affirming the commission's decision because it "applied the wrong law [R.C. 4141.24(G)] when the undisputed applicable law is [R.C. 4141.24(F)]." (Appellant's Brief, 1.) Second, appellant contends that under the correct law, R.C. 4141.24(F), appellant is not a successor in interest "because not all of the business at issue was transferred." (Appellant's Brief, 1.) Third, appellant contends R.C. 4141.24(F) requires the transfer of assets to be voluntary, and here the transfer was "mandatory" because the USDA forced it to sell its assets.

{¶ 13} As a preliminary issue, appellant premises this first part of its assignment of error on the trial court's decision to affirm the commission's successor in interest finding under R.C. 4141.24(G), which appellant states, without citation to authority, only "deals with voluntary assignments of rates and transfers of experience" and not successor in interest by operation of law situations. (Appellant's Brief, 8.) As such, appellant believes the commission's decision is not in accordance with law and should not have been affirmed.

{¶ 14} R.C. 4141.24(G) reads:

> Notwithstanding sections 4141.09, 4141.23, 4141.24, 4141.241, 4141.242, 4141.25, 4141.26, and 4141.27 of the Revised Code, both of the following apply regarding assignment of rates and transfers of experience:
>
> (1) If an employer transfers its trade or business, or a portion thereof, to another employer and, at the time of the transfer, both employers are under substantially common ownership, management, or control, then the unemployment experience attributable to the transferred trade or business, or portion thereof, shall be transferred to the employer to whom the business is so transferred. The director shall recalculate the rates of both employers and those rates shall be effective immediately upon the date of the transfer of the trade or business.

> (2) Whenever a person is not an employer under this chapter at the time the person acquires the trade or business of an employer, the unemployment experience of the acquired trade or business shall not be transferred to the person if the director finds that the person acquired the trade or business solely or primarily for the purpose of obtaining a lower rate of contributions. Instead, that person shall be assigned the applicable new employer rate under division (A)(1) of section 4141.25 of the Revised Code.

Under the definitions promulgated by ODJFS, "any person or employer * * * that is or becomes an employer and that acquires a trade or business" under any of the five administrative rules that correspond to R.C. 4141.24(F) and (G) is a "[s]uccessor in interest." Ohio Adm.Code 4141-17-01(C). Therefore, considering a successor in interest finding may be made under either R.C. 4141.24(F) or (G), we disagree with appellant that the commission applied the wrong law.

{¶ 15} Moreover, while the trial court affirmed the commission's finding that appellant is a successor in interest, it did so generally and "based on additional reasons as set forth and supported by the evidence" under R.C. 4141.24(F) and the corresponding administrative rule, Ohio Adm.Code 4141-17-04. In essence, the trial court affirmed the commission's decision regarding the label of "successor in interest," the issue it was asked to review by appellant, but did so in a manner that modified the commission's analysis and basis for the successor in interest determination. The trial court does not mention R.C. 4141.24(G) and even cites to R.C. 4141.24(F) in reference to the commission's decision. Neither party challenges the appropriateness of the trial court's decision to determine the case under R.C. 4141.24(F) in this manner, and we note that R.C. 4141.24(F) was cited in appellee's original notification, and is precisely the law appellant wishes us to apply to the facts at hand. Considering the above, we will proceed to appellant's argument that the trial court erred in determining appellant to be a successor in interest by way of R.C. 4141.24(F).

{¶ 16} Appellant contends that under R.C. 4141.24(F), appellant is not a successor in interest for purposes of contributing to Ohio's unemployment compensation fund "because not all of the business at issue was transferred." (Appellant's Brief, 1.) Ohio law generally requires employers to make contributions into Ohio's unemployment

compensation fund, and the ODJFS is charged with determining the rate at which employers contribute to the fund and maintaining separate accounts for each employer. *Kate Corp.* at ¶ 3; R.C. Chapter 4141.  R.C. 4141.24 controls such accounts and specifies when an employer or person acquiring another trade or business becomes a "successor in interest" to that business for the purposes of unemployment compensation laws.  *Id.* "Generally, R.C. 4141.24(F) provides two methods by which an employer may qualify as a successor in interest: (1) by operation of law or (2) through voluntary application." *Resource Title Natl. Agency* at ¶ 10.  Because this case does not involve a voluntary application, only the first paragraph of R.C. 4141.24(F), describing successor in interest status by operation of law, applies.  It reads:

> If an employer transfers all of its trade or business to another employer or person, the acquiring employer or person shall be the successor in interest to the transferring employer and shall assume the resources and liabilities of such transferring employer's account, and continue the payment of all contributions, or payments in lieu of contributions, due under this chapter.

{¶ 17} R.C. 4141.24(H) empowers the director of ODJFS to "establish procedures to identify the transfer or acquisition of a trade or business" and to "adopt rules prescribing procedures for effecting transfers of experience."  Such procedures and rules are found in Ohio Adm.Code 4141-17, "Successorship."  In pertinent part, Ohio Adm.Code 4141-17-04, "Automatic successorship," states:

> (A) The transferee shall become a successor in interest by operation of law where:
>
> (1) There is a transfer of all of the transferor's trade or business located in the state of Ohio; and
>
> (2) At the time of the transfer the transferor is liable under Chapter 4141. of the Revised Code.
>
> (B) The transferee, as successor in interest, shall assume all of the resources and liabilities of the transferor's account. The director shall revise the contribution rates of the transferee to reflect the result of the successorship.

>(C) The director shall not approve a transfer of experience or contribution rates of the transferee or transferor for any contribution period with respect to which the director has determined contribution rates for the transferee or transferor pursuant to division (G) of section 4141.24 or section 4141.48 of the Revised Code.

{¶ 18} "Trade or business" is defined by the administrative rules to include "all real, personal and intangible property *integral* to the operation of the trade or business, and may include the employer's workforce as applicable." (Emphasis added.) Ohio Adm.Code 4141-17-01(A). Based this definition, this court has held that to establish automatic successorship under R.C. 4141.24(F), a case-by-case determination must be made as to whether an employer transferred to another employer or person "all the property integral to the business." *Resource Title Natl. Agency* at ¶ 18. Transfer of assets, rather transfer of liabilities, is relevant to this determination. *Id.* at ¶ 15-16, citing *Kate Corp.* at ¶ 13 (finding the establishment of successor in interest status does not require the acquisition of a predecessor's debts or obligations).

{¶ 19} In *Resource Title Natl. Agency*, we concluded that a purchasing company was a successor in interest, pursuant to R.C. 4141.24(F), when it acquired "nearly all of [the seller company's] tangible and intangible assets," 61 of 69 of the selling company's employees, and remained at the same physical location. *Id.* at ¶ 14. In addition, the purchasing company began operating one day after the selling company ceased operations, the purchasing company's sole shareholder was the former board member and ex-wife of the selling company's sole shareholder, and the purchasing company's executive vice president was also a former board member of the selling company. *Id.* at ¶ 3-4.

{¶ 20} In *Hampton's on King, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 14AP-243, 2014-Ohio-5666, we likewise concluded that a purchasing company was a successor in interest pursuant to R.C. 4141.24(F). In that case, although evidence conflicted about the transfers of employees and leadership between the companies and evidence showed the purchasing company operated from a new location, we nonetheless found the purchasing company's acquisition of the selling company's liquor license, the rights to its name and its goodwill, and "elements of [the selling company's] decor" used

in operation of the business to be enough to uphold a successor in interest finding due to the importance and value of the elements transferred.  *Id.* at ¶ 18.

{¶ 21} Appellant distinguishes these cases from the facts at hand by arguing that the commission only found a "major portion," rather than "all" of the business transferred, that Triple Lady's name, licenses, accounts receivables, and van line of business were not transferred, and that only 44 out of 200 tractors and flatbed trucks, "some customers," and approximately half of its employees transferred.  (Appellant's Brief, 11-12.)

{¶ 22}  As explained in *Resource Title Natl. Agency* and *Hampton's on King*, under R.C. 4141.24(F) and Ohio Adm.Code 4141-17-04, a transfer of "all" of a trade or business is defined as a transfer of "all the property integral to the business."  *Resource Title Natl. Agency*; *Hampton's on King*; Ohio Adm.Code 4141-17-01.  Thus, if the "major portion" of the business transferred encompasses all the property integral to the operation of the trade or business, then a business may be a successor in interest under R.C. 4141.24(F) and Ohio Adm.Code 4141-17-04.  In other words, the commission's conclusion that a major portion of business transferred is not dispositive to resolving the issue under R.C. 4141.24(F).

{¶ 23} No transfer of the name, licenses, accounts receivables, and one business line is also not dispositive, so long as the real, personal, and intangible property, including workforce, integral to the operation of the trade or business transfers.  *See Jeff Schmidt Chevrolet, Ltd. v. Dir., Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 14AP-917, 2015-Ohio-3010, ¶ 14-19.  Here, the evidence shows that Triple Lady's was a trucking company utilizing flatbeds and vans, and appellant is a trucking coming utilizing flatbeds.  Triple Lady's sold approximately 44 of its approximately 200 vehicles to appellant in July 2010. The remaining vehicles, as well as some additional vans, were taken over by banks or other creditors.  Moreover, the wage records filed by the employers confirm that over 90 percent of Triple Lady's workforce transferred to appellant between the fourth quarter of 2010 and the first quarter of 2011, and record evidence establishes that the core officers and directors of Triple Lady's joined the exodus and re-established themselves in management and ownership positions with appellant.

{¶ 24} Based on this record and in light of the fact that we may not reweigh the evidence, we find the trial court did not abuse its discretion in finding that the commission's determination regarding appellant's successor in interest status was supported by reliable, probative, and substantial evidence. *Resource Title Natl. Agency* at ¶ 18; *Valentine Contrs.* at ¶ 18.

{¶ 25} Lastly, appellant contends R.C. 4141.24(F) requires the transfer of assets to be voluntary, and here the transfer of assets was "mandatory" because the USDA forced it to sell its assets. In support of this argument, appellant cites to *State ex rel. K&D Group, Inc. v. Bueher*, 135 Ohio St.3d 251, 2013-Ohio-734, and its application of *State ex rel. Valley Roofing, L.L.C. v. Ohio Bur. of Workers' Comp.*, 122 Ohio St.3d 275 (2009).

{¶ 26} In *Valley Roofing*, a bank foreclosed on the assets of a business, Tech Valley Contracting, Inc. ("Tech"). Another business, Valley Roofing, bought those assets from Tech, continued the business operation, and applied for workers' compensation coverage. The Ohio Bureau of Workers' Compensation found that Valley Roofing was Tech's successor in interest and transferred Tech's experience rating to Valley Roofing. The appellate court found that the bureau abused its discretion in determining that Valley Roofing was Tech's successor in interest, and therefore the bureau could not transfer Tech's experience rating to Valley Roofing. In affirming the appellate court, the Supreme Court of Ohio stated:

> We have defined "successor in interest," for workers' compensation purposes, as a "transferee of a business in whole or in part." *State ex rel. Lake Erie Constr. Co. v. Indus. Comm.* (1991), 62 Ohio St.3d 81, 83-84, 578 N.E.2d 458. This definition, however, does not apply if the business assets of the predecessor entity have been purchased from a bank and not directly from that employer. As we stated in Crosset, "the specific language of R.C. 4123.32(D) [now R.C. 4123.32(C)] * * *, i.e., 'employer transfers his business in whole or in part or otherwise reorganizes the business,' is plain and unambiguous. The language of the statute clearly refers to a voluntary act of the employer and not the involuntary transfer of the employer's business through an intermediary bank." [*State ex rel.*] *Crosset* [*v. Conrad*], 87 Ohio St.3d [467,] 471, 721 N.E.2d 986.

*Id.* at 276.

{¶ 27} As workers' compensation cases, *K&D Group* and *Valley Roofing* are not controlling on our issue here.  Moreover, extension of the rationale of *Valley Roofing* to this case is not supported by the record.  Here, appellant sought to avoid bankruptcy by securing a USDA-backed loan.  Apparently, the USDA would not guarantee a loan to Triple Lady's, which was losing millions of dollars prompting the eventual transfer of assets to appellant.  Appellant's citation to Fojas's testimony and the USDA loan exhibit do not establish that the transfer of assets was not voluntary.  Rather, the transfer of assets appears to have been a voluntary approach to avoiding bankruptcy and layoffs and dissolving a business in financial hardship.  Therefore, we disagree that appellant "[e]ffectively * * * purchased the assets through an intermediary bank," as occurred in *K&D Group*, and do not find further support that there was no "transfer of business or trade," as contemplated by R.C. 4141.24(F).  (Appellant's Brief, 15.)

{¶ 28} Accordingly, we overrule appellant's sole assignment of error.

## IV.  CONCLUSION

{¶ 29} Having overruled appellant's sole assignment of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas and its determination that appellant is a successor in interest under R.C. 4141.24(F).

*Judgment affirmed.*

KLATT, J., concurs.
LUPER SCHUSTER, J., concurs in judgment only.

LUPER SCHUSTER, J., concurring in judgment only.

{¶ 30} I concur in judgment only because, in my view, the trial court did not modify the commission's decision.  The commission's successor in interest determination was based on its application of R.C. 4141.24(G)(1).  In affirming the commission's decision, the trial court incorrectly suggested the commission made its successor in interest determination under R.C. 4141.24(F).  In doing so, the trial court failed to acknowledge the substantive differences between the two provisions.  However, because the facts the trial court cited constituted reliable, probative, and substantial evidence to support the commission's successor in interest finding under R.C. 4141.24(G)(1), I would affirm on that basis.

_____