[Cite as *Cleveland Plating, L.L.C. v. Dept. of Job & Family Servs.*, 2018-Ohio-1915.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Cleveland Plating, LLC, | : | |
| Appellant-Appellee, | : | |
| | : | No. 17AP-785 |
| v. | : | (C.P.C. No. 17CV-91) |
| Ohio Department of<br>Job and Family Services, | : | (REGULAR CALENDAR) |
| | : | |
| Appellee-Appellant. | : | |
| | : | |

## D E C I S I O N

### Rendered on May 15, 2018

**On brief:** *Weston Hurd, LLP,* and *Douglas R. Unver*, for appellee.

**On brief:** *Michael DeWine*, Attorney General, and *Laurence R. Snyder*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Appellant, the Ohio Department of Job and Family Services ("ODJFS"), appeals from a judgment of the Franklin County Court of Common Pleas reversing a decision of the Ohio Unemployment Compensation Review Commission ("commission") finding that appellee, Cleveland Plating, LLC ("Cleveland Plating"), is a successor in interest to The Barker Products, Co., Inc. ("Barker Products"). For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} Barker Products was an electroplating company that operated at a facility on East 134th Street in Cleveland, Ohio, and JPMorgan Chase Bank, N.A. ("JPMorgan Chase") was its secured creditor. In March 2015, JPMorgan Chase foreclosed on the assets of Barker

Products. Cleveland Plating purchased Barker Products' assets from JPMorgan Chase, and it hired most of the employees who had worked for Barker Products. Within two weeks after purchasing the assets, Cleveland Plating resumed operations at the East 134th Street facility.

{¶ 3} In July 2016, ODJFS notified Cleveland Plating that it had determined Cleveland Plating is a successor in interest to Barker Products, effective March 13, 2015. Cleveland Plating requested reconsideration, and the director of ODJFS affirmed the successor in interest determination in August 2016. Cleveland Plating appealed the director's decision to the commission, and the commission held a hearing regarding the appeal on December 1, 2016. Six days later, the commission issued a decision affirming the director's determination. Pursuant to R.C. 4141.26, Cleveland Plating appealed the commission's decision to the trial court, and the trial court reversed the decision of the commission. The trial court concluded that Cleveland Plating is not a successor in interest to Barker Products.

{¶ 4} ODJFS timely appeals from the trial court's decision.

## II. Assignment of Error

{¶ 5} ODJFS assigns the following error for our review:

> The lower court erred as a matter of law when it reversed the Decision of the Ohio Unemployment Compensation Review Commission finding Cleveland Plating, LLC to be a successor in interest pursuant to R.C. 4141.24(F).

## III. Standard of Review

{¶ 6} The common pleas court's standard of review for appeals from decisions of the commission affecting the liability of an employer to pay unemployment compensation contributions or the amount of such contributions is set forth in R.C. 4141.26(D)(2). This statute states in pertinent part that a common pleas court may affirm a decision of the commission "if it finds, upon consideration of the entire record, that the determination or order is supported by reliable, probative, and substantial evidence and is in accordance with law." R.C. 4141.26(D)(2). "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. "Probative" evidence is evidence that tends to prove the issue in question; it must be

relevant in determining the issue. "Substantial" evidence is evidence with some weight; it must have importance and value. *Our Place, Inc. v. Liquor Control Comm.*, 63 Ohio St.3d 570, 571 (1992).

{¶ 7} This court's role in reviewing a decision of the commission appealed pursuant to R.C. 4141.26 is narrower than that of the trial court. *Miracle Home Health Care, LLC v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 12AP-318, 2012-Ohio-5669, ¶ 18. As to issues of fact appealed pursuant to R.C. 4141.26, this court determines only whether the common pleas court abused its discretion in finding that the commission's decision is supported by reliable, probative, and substantial evidence. An abuse of discretion requires more than an error in judgment. To find an abuse of discretion, we must conclude that the trial court's decision was without a reasonable basis and clearly wrong. *Id.* However, this court's review of questions of law is plenary. *Kate Corp. v. Ohio State Unemp. Comp. Review Comm.*, 10th Dist. No. 03AP-315, 2003-Ohio-5668, ¶ 7.

## IV. Discussion

{¶ 8} ODJFS's sole assignment of error contends the trial court erred in reversing the commission's finding that Cleveland Plating is a successor in interest to Barker Products. This assignment of error lacks merit.

{¶ 9} Under Ohio law, employers must contribute to the unemployment compensation fund, and ODJFS is charged with determining the rate at which employers contribute to the fund and maintaining separate accounts for each employer. *Kate Corp.* at ¶ 3; R.C. Chapter 4141. "If an employer transfers all of its trade or business to another employer or person, the acquiring employer or person" is the "successor in interest" to the transferring employer and assumes the "resources and liabilities" of the transferring employer's account, and continues the payment of all contributions, or payments in lieu of contributions, due under R.C. Chapter 4141. R.C. 4141.24(F).

{¶ 10} R.C. 4141.24(H) empowers the director of ODJFS to "establish procedures to identify the transfer or acquisition of a trade or business" and to "adopt rules prescribing procedures for effecting transfers of experience." These procedures are set forth in Ohio Adm.Code 4141-17. Ohio Adm.Code 4141-17-04(A) provides that a transferee "shall become a successor in interest by operation of law" where (1) there is "a transfer of all of the transferor's trade or business" and, (2) at the time of the transfer, "the transferor is liable

under Chapter 4141. of the Revised Code."  Pursuant to Ohio Adm.Code 4141-17-01(A), " '[t]rade or business' includes all real, personal and intangible property integral to the operation of the trade or business, and may include the employer's workforce as applicable."  "The transferee, as successor in interest, shall assume all of the resources and liabilities of the transferor's account," and the director "shall revise the contribution rates of the transferee to reflect the result of the successorship."  Ohio Adm.Code 4141-17-04(B).

{¶ 11} ODJFS asserts that Cleveland Plating is a successor in interest to Barker Products pursuant to R.C. 4141.24(F) because it acquired all of the trade or business of Barker Products.  According to ODJFS, the trial court erred in finding that the "transfer" referenced in R.C. 4141.24(F) must be voluntary for the section to apply.  In reaching its conclusion that Cleveland Plating is not a successor in interest to Barker Products, the trial court primarily relied on *State ex rel. Valley Roofing, L.L.C. v. Ohio Bur. of Workers' Comp.*, 122 Ohio St.3d 275, 2009-Ohio-2684.  ODJFS argues that *Valley Roofing* is distinguishable and therefore not controlling here.

{¶ 12} In *Valley Roofing*, a bank foreclosed on the assets of Tech Valley Contracting, Inc. ("Tech").  *Id.* at ¶ 1.  Valley Roofing Company, L.L.C. ("Valley") purchased those assets from the bank and continued the business operation.  *Id.*  The Ohio Bureau of Workers' Compensation transferred Tech's experience rating to Valley based on its finding that Valley was Tech's successor in interest.  *Id.*  The Supreme Court of Ohio found that, based on the applicable workers' compensation statutory language, Valley was not Tech's successor in interest.  *Id.* at ¶ 6.  The Supreme Court, quoting *State ex rel. Crosset Co. v. Conrad*, 87 Ohio St.3d 467 (2000), stated that the applicable language of R.C. 4123.32(C), "*i.e.*, 'employer transfers his business in whole or in part or otherwise reorganizes the business,' is plain and unambiguous."  *Valley Roofing* at ¶ 5.  This language " 'clearly refers to a voluntary act of the employer and not the involuntary transfer of the employer's business through an intermediary bank.' "  *Id.*, quoting *Crosset Co.* at 471.  Based on this observation, the Supreme Court held that Valley was not Tech's successor in interest because Valley acquired Tech's assets from the intermediary bank that had foreclosed on the assets.  *Valley Roofing* at ¶ 6.

{¶ 13} ODJFS asserts that this court, in *AWL Transport, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 15AP-674, 2016-Ohio-2954, found that *Valley Roofing* is not

controlling law for the purpose of determining whether an employer is a successor in interest under R.C. 4141.24(F). Additionally, ODJFS contends that this court, in *Ohio Dept. of Job & Family Servs. v. Delphi Automotive Sys., LLC*, 10th Dist. No. 14AP-971, 2017-Ohio-809, determined that the method of asset transfer is always inconsequential to the applicability of R.C. 4141.24. ODJFS thus argues that transfers may be voluntary or involuntary under that statute. We disagree.

{¶ 14} In *AWL Transport*, a party requested that this court extend the rationale of *Valley Roofing* to that case, which involved a successor in interest determination in the unemployment compensation context. In regard to this request, this court first noted that *Valley Roofing*, and *State ex rel. K&D Group, Inc. v. Buehrer*, 135 Ohio St.3d 257, 2013-Ohio-734, which applied *Valley Roofing*, "are not controlling on our issue here" because they are workers' compensation cases. *AWL Transport* at ¶ 27. This court then emphasized, however, that an extension of the rationale of *Valley Roofing* was not supported by the record because the transfer of assets was not through an intermediary bank and appeared "to have been a voluntary approach to avoiding bankruptcy and layoffs and dissolving a business in financial hardship." *Id.* Thus, while ODJFS is correct that the *AWL Transport* decision noted the differing context in which the *Valley Roofing* case arose (workers' compensation versus unemployment compensation), this court ultimately declined to extend the rationale of *Valley Roofing* because the evidence in *AWL Transport* showed that the transfer of assets was voluntary. *Id.*

{¶ 15} ODJFS's reliance on *Delphi Automotive* is also unavailing. *Delphi Automotive* involved a bankruptcy reorganization in which a portion of an employer's trade or business was transferred to another employer. The primary issue in that case was whether, for the purpose of R.C. 4141.24(G)(1), there was common management between the asset transferring employer and the asset acquiring employer "at the time of the transfer." *Delphi Automotive* at ¶ 20. This court noted that a "transfer" may be a "process" that involves a "third party through which the transfer occur[s]." *Id.* at ¶ 19. However, *Delphi Automotive* did not involve a transfer of assets through a foreclosing intermediary bank and there was no discussion or analysis in that case of whether a bankruptcy reorganization could be considered involuntary for the purpose of R.C. 4141.24. Thus, ODJFS's reliance on *Delphi Automotive* is misplaced.

{¶ 16} Although *Valley Roofing* is distinguishable because that case was a workers' compensation case and this case concerns an unemployment compensation statute, the rationale applied in that case is directly applicable here. As to the issue of a business "transfer," *Valley Roofing* involved essentially the same statutory language as found here. The workers' compensation statute at issue in *Valley Roofing* provided that an acquiring employer is a successor in interest if an "*employer transfers* a business in whole or in part or otherwise reorganizes the business." (Emphasis added.) Former R.C. 4123.32(C). As outlined above, the statute at issue here states that if an "*employer transfers* all of its trade or business" to another employer or person, the acquiring employer or person is the successor in interest to the transferring employer. (Emphasis added.) R.C. 4141.24(F).

{¶ 17} In *Valley Roofing*, the Supreme Court found that the above italicized language in former R.C. 4123.32(C) (now in R.C. 4123.32(B)) plainly and unambiguously refers to a voluntary act of the employer. In accord with *Valley Roofing*, we find that the pertinent language of R.C. 4141.24(F) is plain and unambiguous—this statute only applies to an employer's voluntary transfer of all of its trade or business to another employer or person and does not apply to the involuntary transfer of the employer's business assets through an intermediary bank. Because Cleveland Plating acquired Barker Products' assets from an intermediary bank that had foreclosed on those assets, R.C. 4141.24(F) is inapplicable. Therefore, we conclude that the trial court correctly determined that the commission erred in finding that Cleveland Plating is a successor in interest to Barker Products pursuant to R.C. 4141.24(F).

{¶ 18} Accordingly, we overrule ODJFS's sole assignment of error.

## V. Disposition

{¶ 19} Having overruled ODJFS's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN, P.J., and SADLER, J., concur.

_____